## WILEY vs. COLLINS & al. and WESCOTT trustee.

To render an assignment for the benefit of creditors valid and effectual, it is not necessary in all cases, that they should become parties by *signing*. But, the property being passed over by *delivery*, the instrument may be drawn so as to require only the signature of the *trustee:*—and in such case the mere *verbal* assent of the preferred creditors is sufficient to protect the property from the attachment of other creditors.

IN his answers *Wescott*, the supposed trustee, disclosed that the principal defendants, prior to the service of the writ in this case, had placed certain notes in his hands to collect and appropriate in payment of certain debts due from them, and that he gave them the following receipt, viz:

" *Jan.* 25, 1833. Received of Messrs. *Collins & Danforth* three notes of hand against *Hay & Norton*, for collection, dated *Jan.* 24, 1833 — one for $400 in 4 months — one for $400 in 6 months — and one for $417,66 in 9 months — and the money when collected I am to pay the following persons, creditors of *Collins & Danforth*, viz : *A. P. Knox* and *Peter Morrill*, $291,63 — *William Stimpson*, $104 — *Benjamin Danforth*, $105 — *John Gammell*, $75 — $250 to the *Exchange Bank*, being for a note signed by *Isaac Robinson* and indorsed by said *Collins & Danforth*, and *James C. Churchill* — $250 to said *Exchange Bank*, being for a note signed by said *Robinson*, and indorsed by said *Collins & Danforth* — $93 to *Isaac Robinson* for borrowed money — and $49,03 to the *Casco Bank*, in part payment of a note in said Bank, signed by said *Isaac Robinson* and indorsed by said *Collins & Danforth*."

The trustee stated further, that the notes had been collected but that the money had not been paid over — that the persons entitled to receive said money, *all assented* to said arrangement for their benefit before service of the plaintiff's writ.

In answer to interrogatories proposed by plaintiff's counsel, the trustee stated further, that none of them had assented *in writing* — that some of them had spoken to him, and others had sent word to him by third persons of their assent.

*W. Goodenow*, for the plaintiff, claimed that the trustee should be *charged*. The creditors should have become *parties to the*

*assignment*, to prevent the fund from being reached by other creditors with trustee process. *Widgery* v. *Haskell*, 5 *Mass.* 144.

The creditors in this case had not only neglected to become parties to the instrument of assignment, but some of them had never given their assent even *verbally*. The trustee's hearsay source of information with regard to the assent of some, is altogether of too loose a character to protect this fund from attachment by other creditors.

Besides, there is no obligation on the part of the creditors to give up their claims, or not to sue, or not to pursue their remedy in any other way. No one is bound but the trustee, and by his receipt he would be bound to pay to the creditors named therein in a reasonable time, unless he should be prevented by the law intercepting the fund in his hands, as has been done in this case.

*Preble* and *Megquier*, for the trustee, cited *Curtis* v. *Norris & trustee*, 8 *Pick.* 280.

WESTON J. delivered the opinion of the Court.

A debtor has a right to prefer one or more creditors to others; and for that purpose may, in good faith, transfer or make over any property he has, for their payment or security. It was competent for the principal defendants to have called together their creditors, named in the receipt given by the trustee, and to have placed in their hands the notes therein described, which they might have received, either in payment, by way of collateral security; or under a promise to allow to the defendants, whatever they might be able to collect. Such an arrangement is lawful in itself; and being once made, could not be defeated, either by the defendants, or by any of their other creditors. And the creditors, to whom such notes might have been passed, might depute one of their own number to make the collection, or appoint an agent for that purpose. Any direct transfer or assignment, thus accepted, could not be disturbed. But the law does not permit a debtor to put his property into the hands of his friends, or of persons of his own appointment, even for the benefit of his creditors, without their assent. His property is by law subject to their attachment; and cannot be put out of their reach, without their privity.

If it were not so, a debtor might defeat altogether the policy of the attachment laws, and prescribe his own terms to his creditors. In *Widgery* v. *Haskell*, 5 *Mass*. 144, the assent of creditors was required, to give validity to an assignment, so that it could not be defeated by attachment; and this requirement has been since enforced, both in *Massachusetts* and in this State. The instrument of assignment sometimes requires that assent to be given in a certain manner, and with certain limitations and conditions. If these conditions are reasonable, and such as a debtor may lawfully impose, whenever a sufficient number of the creditors to exhaust the fund, have assented in the manner prescribed, other creditors cannot affect the assignment.

In the case before us, the notes received by the supposed trustee, were put into his hands for the use of certain specified creditors of the defendants. They were indebted to them in the whole amount of the notes, all of which were to be applied for their benefit. To this arrangement these creditors assented, before the service of the trustee process; as appears more distinctly by the additional disclosure. They were willing that the business should be confided to the trustee, as the common agent of the parties. We are not aware of any legal principle, requiring this assent to be in writing. It might even be given prospectively. No conditions were imposed, except what the law would imply. The money, when received, would discharge the defendants' debts, to which it was to be applied if sufficient; if not, it would discharge them *pro tanto*. There is substantially no difference, whether the notes were put into the hands of the creditors themselves, or whether they were passed over to a third person for their benefit, with their assent. The arrangement would be as effectual before the money was received, as afterwards.

In the case of *Curtis* v. *Norris & trustee*, 8 *Pick*. 280, *Haven*, the trustee, had received a quantity of molasses belonging to *Norris*, for sale, on which he had made advances. He was requested by *Norris* to inform *Swett & Co.* who had accepted a bill for his honor, that they should be indemnified out of the proceeds of the molasses when sold, and he did so. This assignment was sustained; although neither the direction of *Norris* nor the notice and promise in pursuance of it, were in writing.

When the property of a debtor is agreed to be applied, according to its just value, to *bona fide* creditors, whose claims equal its amount, and all this is done to their acceptance, it is a transaction free from fraud, actual or constructive. The policy of the law is answered and promoted, when the funds of the debtor are fairly applied to the payment of his debts.

*Trustee discharged.*